IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  | |
|---|---|---|---|
| EVEREST INDEMNITY INSURANCE COMPANY, | ) ) ) | | |
| Plaintiff, | ) ) ) | | |
| vs. | ) ) | CIVIL ACTION NO. 05-0492-P-C | |
| WINDWARD POINTE CONDOMINIUM ASSOCIATION, INC., BROWN BROTHERS CONSTRUCTION, L.L.C., TONY L. BROWN, MIKE DOSSETT, and TRADEWINDS ENVIRONMENTAL RESTORATION, INC., | ) ) ) ) ) ) ) | | |
| Defendants. | ) | | |

## STAY ORDER

In this declaratory judgment action filed on August 22, 2005, pursuant to 28 U.S.C. § 2201-2202, plaintiff, Everest Indemnity Insurance Company ("Everest"), a Delaware corporation doing business in Alabama, names as defendants, Windward Pointe Condominium Association, Inc. ("Windward Pointe"), Brown Brothers Construction, L.L.C. ("Brown Brothers"), Tony L. Brown, Mike Dossett, and Tradewinds Environmental Restoration, Inc. ("TER"). This court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1332.

It is undisputed that Windward Pointe is an Alabama non-profit organization located in Orange Beach, Alabama (docs.1,5 and 14, ¶2); Brown Brothers is an Alabama limited liability company with its principal place of business in Baldwin County, Alabama; defendants Brown and Dossett are Alabama residents (docs.1, 14, and 19, ¶2); and TER is a corporation with its principal place of business in New York (docs.1, 14, and 17, ¶3). There is no dispute that the amount in controversy exceeds the requisite jurisdictional minimum. Venue is proper pursuant

to 28 U.S.C. § 1391.

Everest alleges that a genuine controversy exists among the parties arising out of certain insurance contracts and seeks a declaration of its rights and responsibilities under that insurance, if any, which may be owed to defendants in connection with two underlying state court actions. Everest alleges that it provided Brown Brothers a commercial general liability policy (#400002466-031, effective November 19, 2003 until November 19, 2004) and a renewal general liability policy (#4000002466-041, effective November 19, 2004 until November 19, 2005) (doc.1, see attachments). Everest alleges that on December 21, 2004, Windward Pointe sued Brown Brothers and defendants Brown and Dossett in the Circuit Court of Baldwin County, Alabama, alleging breach of contract, negligence, wantonness, conversion, conspiracy to defraud, and intentional fraud relating to certain repair work to be performed following Hurricane Ivan in September 2004. *Windward Pointe Condominium Association, Inc. v. Brown Brothers Construction, L.L.C., Anthony Brown, Mike Dossett, et al.*, CV-2004-01425 (hereinafter referred to as the "first Baldwin County action"). Everest alleges that it is presently defending Brown Brothers, Brown, and Dossett in the first Baldwin County action (doc.1, ¶5-14).

Everest also alleges that on April 12, 2005, TER sued Brown Brothers in the Circuit Court of Baldwin County, Alabama, alleging breach of contract and unjust enrichment, and to collect monies due ($648,065.52). Everest alleges that the suit arises out of an agreement between Brown Brothers and TER to provide structural drying services to several condominiums along the Baldwin County Gulf Coast, after Hurricane Ivan. *Tradewinds Environmental Restorations, Inc. v. Brown Brothers Construction, L.L.C., et al.*, CV-2005-00412 (hereinafter referred to as the "second Baldwin County action"). Everest alleges that it has denied coverage to Brown Brothers in the second Baldwin County action (doc.1, ¶15-16).

On November 3, 2005, Everest filed an Amended Complaint to revise factual allegations in light of a Third Amended Complaint filed by Windward Pointe in the first Baldwin County action (doc.14).  Answers and Amended Answers have been filed by Windward Pointe (docs.5, 23), TER (docs.11, 17), and Brown Brothers and defendants Brown and Dossett (doc.19).  No counterclaims have been filed.

On January 3, 2006, this court contacted the Clerk of Court of the Circuit Court of Baldwin County, and discovered that the first Baldwin County action is "active," with no trial date yet set, and that the second Baldwin County action is set on the Court's January 10, 2006 motion docket with a bench trial scheduled to commence on May 2, 2006.

The "doctrine of abstention" was formally recognized by the United States Supreme Court in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941).  Under the doctrine, a federal court may elect to abstain from exercising its jurisdiction in a case pending before it by dismissing that case when a parallel state court case is also pending.  The Supreme Court later created a list of factors for the lower courts to balance when considering abstention.  As succinctly summarized by the Eleventh Circuit,

> [t]he [United States Supreme] Court set out four factors to be considered in determining whether dismissal... is appropriate: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. [Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 819... (1976)]....  The [Supreme Court's subsequent] Moses H. Cone decision also repeated the four Colorado River factors and added two more:  (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights. [Moses H. Cone Memorial Hosp. v. Mercury Constr., 460 U.S. 1, 23... (1983)].

American Bankers Insur. Co. of Florida v. First State Insur. Co., 891 F.2d 882, 884 (11th Cir. 1990).

Several years ago, the Supreme Court confirmed that the discretionary standard first

3

enunciated in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), governed a district court's determination of whether to dismiss or stay "a federal declaratory judgment action during the pendency of parallel state court proceedings," Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995), noting that "[d]istinct features of the Declaratory Judgment Act... justify a standard of vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of Colorado River and Moses H. Cone." Wilton, 515 U.S. at 286.

> In Wilton, the Supreme Court explained:
>
> "[t]here is nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action.... By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.... In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to consideration of practicality and wise judicial administration.

Wilton, 515 U.S. at 288 (citation and footnote omitted); see Old Republic Union Insurance v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1260 (11th Cir. 1997), cert. denied, 523 U.S. 1047 (1998). The Supreme Court noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Id. at 288, n.2.

Recently, in Ameritas Variable Life Ins. Co. v Roach, the Eleventh Circuit addressed the extent of the district court's discretionary authority in circumstances which are similarly presented herein - "where a district court is faced with a declaratory action brought in federal court on the basis of diversity and a subsequent parallel lawsuit on the merits is instituted in state

court." 411 F.3d 1328, 1332, n.4 (11th Cir. 2005). Herein, the first and second Baldwin County actions were filed prior to the subject declaratory judgment action.

In <u>Roach</u>, the Eleventh Circuit set out "guideposts" for consideration to aid district courts in balancing state and federal interests. <u>Id</u>., at 1331.[1] In <u>Roach</u>, the Eleventh Circuit noted that district courts

> have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." <u>Wilton</u>, 515 U.S. at 286... "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." <u>Id</u>.

<u>Id</u>., at 1332.

---

[1] The Eleventh Circuit listed the following:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" - that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

411 F.3d at 1331. The Eleventh Circuit added that "[o]ur list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in <u>Brillhart</u> and <u>Wilton</u>." <u>Id</u>.

Herein, the first and second Baldwin County actions will determine liability, and if liability is found on the part of Brown Brothers, then the amount and the type of relief awarded. Should the Baldwin County actions determine that the claims of Windward Pointe and TER against Brown Brothers are valid and compensable, in whole or in part, the parties and this court would then squarely face the insurance coverage issues in this declaratory judgment action. However, in the event that the claims of Windward Pointe and TER are effectively defended and are determined not to be compensable, then the issues of the rights and responsibilities of Everest would be impacted directly. A direct impact would also result should Brown Brothers prevail in one of the Baldwin County actions and not in the other.

This court finds that the underlying factual issues are important to an informed resolution of the overall controversy, and that this declaratory judgment action would not necessarily resolve the controversy. Roach, at 1331. Further, "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart, 316 U.S. at 495. Therefore, it is this court's opinion that a stay of this declaratory judgment action would avoid this court's "gratuitous interference," in such state court matters. Wilton, at 283. A stay would also allow this court to avoid, to the extent possible, piecemeal and duplicitous litigation.

Accordingly, it is ORDERED that this court hereby exercise its discretion under Wilton v. Seven Falls Co., 515 U.S. 277 (1995), to STAY all proceedings in the subject declaratory judgment action pending resolution of the first and second Baldwin County actions ongoing in the Circuit Court of Baldwin County. Assurance Company of America v. Legendary Home Builders, Inc., 305 F.Supp.2d 1272 (S.D.Ala. (Jan. 13, 2004)) (C.A. 02-0537-P-M); American

National Property & Casualty Company v. Crawford, 2000 WL 1137218 (S.D.Ala. (July 19, 2000)) (C.A. 00-0123-P-M); Harbor Specialty Insurance Company v. D.W. McMillan Trust, 2000 WL 726901 (S.D.Ala. (May 19, 2000)) (C.A. 99-0967-P-S).

The Rule 16(b) Scheduling Conference set to be conducted before this court on Monday, January 9, 2006, at 11:30 a.m., is hereby CANCELLED.

The Clerk is directed to close this file for statistical purposes only. No later than thirty (30) days after entry of each final judgment in the underlying first and second Baldwin County actions, Everest shall inform this court in writing of the entry of such judgment. Upon notice, this court will reopen this declaratory judgment action.

DONE this 4th day of January, 2006.

    S/Virgil Pittman
    SENIOR UNITED STATES DISTRICT JUDGE